# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       Plaintiff-Respondent,

vs.                                       Civ. No. 09cv568 JC/ACT
                                             Cr. No. 05-1375 JC
                                             Cr. No. 06-1900 JC

**WILLIAM DAVIAU,**

       Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      **THIS MATTER** comes before the Court upon Defendant William Daviau's ("Daviau") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed June 5, 2009 [Doc. 1]. The Plaintiff, United States of America ("USA") filed its response on August 14, 2009 [Doc. 8]. Daviau did not file a reply. The District Judge referred this matter for proposed findings and recommended disposition, and hearing, if necessary. [Doc. 9.] Having reviewed the pleadings and relevant law and being otherwise fully advised, the Court finds that the Motion should be denied. Because the issues are resolved on the pleadings and the record establishes conclusively that Daviau is not entitled to relief, an evidentiary hearing is not necessary. 28 U.S.C. § 2255; *Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied*, 531 U.S. 835 (2000).

## PROPOSED FINDINGS

Factual and procedural background.

1.  Daviau was born on May 24, 1975, and graduated from Cal State University Fullerton.  He was arrested in the District of New Mexico and charged in a criminal complaint on June 6, 2005.

2.  A federal grand jury sitting in the District of New Mexico returned a 6-count indictment on June 29, 2006, charging Daviau with possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine; possession of firearm in further of a drug trafficking crime; assaulting, resisting, or impeding a federal officer; possession of a firearm in furtherance of a crime of violence; felon in possession of a firearm; and possession of a stolen firearm.

3.  On June 28, 2006, a federal grand jury sitting in the Eastern District of Pennsylvania returned a four-count indictment charging Daviau with conspiracy to distribute methamphetamine; attempt to possess with intent to distribute methamphetamine; and two counts of possession with intent to distribute methamphetamine.

4.  On November 8, 2005, the Court appointed Cliff McIntyre ("McIntyre"), as Daviau's second court-appointed attorney.

5.  On August 17, 2006, Daviau signed a Consent to Transfer of Case for Plea and Sentence Under Rule 20 ("Consent").  The Consent stated that Daviau wished to plead guilty to the indictment in the Eastern District of Pennsylvania and further consented that the disposition of the case be conducted in the District of New Mexico.  The transfer of the case was completed on September 1, 2006.

6.  Daviau signed a Plea Agreement and a plea hearing was held on October 6, 2006.

7. Daviau filed a Sealed Motion for Leave to Withdraw Plea on November 8, 2007. Daviau asserted that he was under the influence of heroin when he spoke with his attorney about the plea agreement and when he entered into his plea agreement. The United States filed a response and the Court held a hearing. The Court denied his motion and made specific findings that Daviau knowingly and voluntarily entered into the plea agreement after participating in a thorough Rule 11 colloquy in court before the Honorable Lorenzo Garcia on October 6, 2006.

8. Daviau was sentenced on June 2, 2008, to 336 months pursuant to Rule 11(c)(1)© of the Federal Rules of Criminal Procedure.

9. Daviau states two grounds in his petition. First, Daviau asserts a claim for ineffective assistance of counsel and states that: (1) the day before he entered his guilty plea, McIntyre persuaded him to sign the plea agreement with the understanding that it could be withdrawn at a later date; (2) McIntyre refused to conduct an investigation in order to provide a defense; and (3) McIntyre did not give the prosecutor a copy of Daviau's mental evaluation. Second, Daviau asserts that his sentence should be vacated because McIntyre did not file a suppression motion based upon the unlawful search of his property on the train.

Ineffective assistance of counsel.

10. To prove ineffective assistance of counsel, Daviau must show that his attorney's performance was constitutionally inadequate and that his attorney's constitutionally ineffective performance prejudiced him; i.e., caused him to plead guilty instead of going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Counsel's performance is deficient if it "falls below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Counsel is strongly presumed to have rendered adequate

3

assistance and made significant decisions in the exercise of reasonable professional judgment. The ultimate inquiry in a claim for ineffective assistance of counsel focuses on the fundamental fairness of the proceeding. *Id.*

11. The record does not support Daviau's claim that he was persuaded by McIntyre to enter into a plea agreement with the understanding that the plea could be withdrawn the day before he entered his plea. Daviau was aware of the terms of the plea for a long time. According to the Affidavit of McIntyre, the plea offer was made to Daviau's first attorney and the terms did not change. Thus, the "defendant was on notice for months if not about two years what the plea offer was and what the sentence would be." *Response*, Doc. 8 at Exh. 2. In addition, on August 17, 2006, Daviau signed a Consent to Transfer for Case of Plea and Sentence Under Rule 20. The Consent stated that Daviau wished to plead guilty in the District of New Mexico to the offense charged in the Eastern District of Pennsylvania and waive trial.

12. The Plea Agreement signed by Daviau was entered into the record on October 6, 2006. [Cr. No. 05-1375, Doc. 63, Cr. No. 06-1900, Doc. 8.] The Plea Agreement states, in part, that the Defendant understands that he has the right to plead not guilty and is waiving this right. *Id.* at 1-2. It further states that:

> 17. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no representations or promises from anyone as to what sentence the Court will impose. The Defendant represents that the Defendant is pleading guilty because the Defendant is in fact guilty, and for no other reason.

*Id.* at 13.

13. At the plea hearing the Court discussed the Plea Agreement with Daviau. A transcript of the hearing demonstrates that Daviau understood the Plea Agreement and that his plea could not be withdrawn unless the Court rejected the Plea Agreement.

| | |
|---|---|
| THE COURT: | Mr. Daviau, have you had sufficient time to consult with Mr. McIntyre, your attorney, about this Plea Agreement and the plea process? |
| THE DEFENDANT: | Yes, I have. |

*Transcript of Proceedings*, October 6, 2007 at  6.

| | |
|---|---|
| THE COURT: | Mr. Daviau, what is the extent of your formal education?  By that, I mean how many years of schooling have you completed? |
| THE DEFENDANT: | Um, I completed college, California State University, Florida - I mean, Cal State University, Fullerton. |
| .... | |
| THE COURT: | All right.  Have you received a copy of both indictments which are part of the proposed plea?  That is, the indictment in cause 06-1900 and 05-1375? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Did Mr. McIntyre, your attorney, review those indictment with you? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Did your attorney tell you what evidence the United States must present and prove before you could be convicted of any of the offenses contained in those indictment? |
| THE DEFENDANT: | Yes, sir. |
| .... | |
| THE COURT: | Did Mr. McIntyre review with you the full Plea Agreement which you executed? |
| THE DEFENDANT: | Yeah. |
| THE COURT: | And did you read the agreement before you signed it? |
| THE DEFENDANT: | Yes. |

| | |
|---|---|
| THE COURT: | Does the Plea Agreement which you signed represent the entire agreement that you have with the United States concerning the disposition of those two cases, 06-1900 and 06-1375. |
| THE DEFENDANT: | Yes. |
| THE COURT: | And do you understand the terms of the Plea Agreement? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Has anyone made any other promises to you, Mr. Daviau, or given you any other assurances concerning the disposition of your cases that are not included in this Plea Agreement? |
| THE DEFENDANT: | No. |
| THE COURT: | This is a plea pursuant to 11(c)(1)©.  This is a special rule of criminal procedure.  Under this rule, if the Court does not agree to the terms that you have negotiated, the Court will reject the agreement and will give you an opportunity to withdraw from the plea, do you understand that? |
| THE DEFENDANT: | Yeah. |
| THE COURT: | If that occurs, if the Court rejects the agreement and gives you an opportunity to withdraw, and if you do not withdraw your plea of guilty, do you understand that the Court is no longer bound by the Plea Agreement and can impose a sentence that is more severe than contemplated under the Plea Agreement?  Do you understand what I have explained? |
| THE DEFENDANT: | Yes. |

*Id.* at 7-10.

....

| | |
|---|---|
| THE COURT: | Sir, if you plead guilty today, there will be no trial and you will have waived or given up all of the rights to a trial and all the rights associated with a trial that I have discussed, do you understand that? |
| THE DEFENDANT: | Yes, sir. |

....

6

THE COURT:        Do you also agree that if your case went to trial, the Government could present evidence that is admissible and beyond a reasonable doubt on each of the - could present evidence that is admissible on those matters outlined in paragraph 11, pages six through 11 of this Plea Agreement?

THE DEFENDANT:  Yes.

*Id*. at 14.

14.  The colloquy at the plea hearing belies Daviau's contention that he was assured by McIntyre that the plea could be withdrawn at a later date.

"[R]epresentations of the defendant....as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal...."

*Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996), *cert. denied*, 519 U.S. 998 (quotation omitted).

15.  At the sentencing hearing counsel for Daviau states that Daviau has come to terms with a sentence of 28 years. *Transcript of Proceedings*, July 2, 2008, at 2.  In addressing the Court, Daviau states that he understands that he has "made some mistakes." *Id*. at 7.

16.  In addition, the Court on at least two occasions found that Daviau's plea was made knowingly and voluntary.  At the plea hearing the Court said the following:

THE COURT:        ....It is the finding of the Court that the Defendant is fully competent and capable of entering into an informed plea, that the Defendant is aware of the charges and of the consequences of the plea and that the plea is knowingly, willingly and voluntarily made and is supported by an independent basis of fact.

*Id.* at 18.

In the Court's Sealed Order denying Daviau's motion to withdraw his plea the court stated that "....Daviau knowingly and voluntarily entered into the plea agreement after participating in a thorough Rule 11 colloquy in open Court before the Magistrate Judge on October 6, 2006...."

[Doc. 78.]

17.  Daviau asserts that McIntyre refused to conduct an investigation in order to provide a defense, stating there was "no need to do so."  Again Daviau's sworn testimony is to the contrary.

| | |
|---|---|
| THE COURT: | Did Mr. McIntyre disucss with you potential defenses that may be available to you? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Did Mr. McIntyre undertake an investigation of the charges on your behalf?  By that, I mean did he interview you, did he seek to interview witnesses, did he review the Government's evidence, did he try and find information that would be helpful in defedning you if your case were to proceed to trial? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Are you satisfied with the counsel and advice given you by Mr. McIntyre? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you have any complaint whatsoever about Mr. McIntyre or the quality of his legal representation? |
| THE DEFENDANT: | No, sir. |

*Transcript of Proceedings*, October 6, 2007, at 8.

18.  Daviau under oath acknowledged that an investigation had been conducted on his behalf and that he was satisfied with the representation of his counsel.  In addition, McIntyre states the following in his Affidavit:

...I investigated the case.  It should be noted that one of the DEA agents who was on scene at the time of arrest was willing to talk to me pre-trial, which is fairly rare in the federal system. He talked freely and frankly about my client's consent to have his bags searched. According to the agent, while he was noting that a book seemed to be glued shut, he said he would testify that the defendant pulled a gun inside the train, and it seemed to the agent that the defendant was trying to shoot him and not trying to commit suicide, that the defendant fired the gun but in the struggle for the gun the agent turned the gun around and the bullet went back away from the agent and into the defendant's train seat.  After talking to the agent, in my judgment, the agent would be a credible witness against my client.  There was no viable motion to suppress the consent to search.

*Response* at Exh. 2.

19.   McIntyre also states the reasons he did not engage the services of a neurobehavioral psychologist to investigate whether Daviau was so drugged at the time of the crime he could not form the criminal intent to commit the crime.   His reasoning is as follows:

A) The defendant packed drugs in his possession by taking pages out of three different books, installing plastic false compartments, putting the drugs in the books, and sealing the books shut with glue.   The defendant possessed more than one kind of illegal drug.

B) The defendant in a separate box packed and carried on a digital scale, a power grinder, a separate box of bags, sixty glass smoking pipes and some sex tapes.

C) On his person the defendant carried on a loaded handgun.

D) The defendant bought the train ticket the same day of travel with cash under a fictitious name and had the ticket with the fictitious name in his possession.

E) The defendant gave a post arrest confession that seemed to be credible, lucid and voluntarily given, thus not subject to suppression.

F) The defendant's pre-boarding drug use was all self reporting; there was no way to independently confirm that the defendant actually ingested the drugs he said he had.   The defendant would have had to take the stand at trial and testify to it, which would have opened the door to a lot of cross examination that in my judgment would have been quite damaging to the defense.

*Id.*

20.   Finally, Daviau argues that his counsel was constitutionally ineffective because his counsel did not provide to the prosecutor a copy of an evaluation of his mental and physical state at the time of the arrest.   The government asserts that this examination was conducted almost two years after Daviau's arrest and eight months after Daviau pled. The governemnt also asserts that the "report discussed the Defendant's state of mind at the time of his arrest on the Amtrak Train, based upon the Defendant's self-reported drug use." *Response* at 9.

21.   Daviau filed a motion to withdraw his plea asserting that he was under the influence of heroin when he entered into this plea.   At the hearing, the Court denied the motion and ordered a

"psychological evaluation for competency of defendant prior to sentencing hearing."  Doc. 78.[1] There is nothing in the record to support that this report would have provided a viable defense or would have changed the outcome.

22.   Moreover, Daviau failed to show that the performance of McIntyre prejudiced his defense.  *Strickland*, 255 U.S. at 694.  The record does not demonstrate that Daviau would have insisted on going to trial or would have withdrawn his guilty plea "but for" any alleged conduct of McIntyre. To the contrary, at the plea hearing Daviau acknowledged that if his case were to go to trial, the government could prove the factual allegation contained in the Plea Agreement and he pled guilty to specific counts as specified in the Plea Agreement in the Indictments in response to the questions from the Judge. Furthermore, at the sentencing hearing, Daviau was permitted to address the Court prior to his sentencing. He did not state or indicate he wanted to go to trial or that he wanted to withdraw his plea. Rather he admitted he had made some mistakes; said he would apologize to his family if they were there; and hoped that something positive could come out of this. *Transcript of Proceedings,* July 2, 2008 at 7,8. Daviau's self-serving assertions is insufficient to demonstrate a "reasonable probability" the outcome of his case would have been different. *Bachicha v. Shanks*, 1195 WL 539467 (10th Cir. 1995).

Unlawful search.

23.   Daviau asserts that the search of his property on the Amtrak train was unlawful.  As grounds, he states that the arresting officer was being investigated for conducting searches without

---

[1]It appears that the Court may have had the report at sentencing.  Defendant states that Daviau was evaluated by Raymond Singer, Ph.D.  *Response* at 9.  However, at the sentencing, counsel for Daviau refers to a report that she believes was received by the Court from Dr. Eric Westfried who "detailed a long history of abuse of all kinds of drugs, which certainly had a horrible effect on Mr. Daviau's reasoning and his ability to make good decisions."  *Transcript of Proceedings*, July 2, 2008 at 2.

consent or a warrant.  Daviau wanted this asserted as a defense because other cases had been dismissed on these grounds.

24.  The government addresses this matter in the Affidavit of McIntyre. *Response* at Exh. 2. McIntyre states that the facts of the consensual search would not support a motion to suppress.  He based this on a conversation he had with one of the DEA agents at the scene.  The DEA agent told him the facts surrounding the search and McIntyre found him to be a credible witness against Daviau. McIntyre also states in his Affidavit that "the defendant gave a post arrest confession that seemed to be credible, lucid and voluntarily given, thus not subject to suppression." *Id.*  Daviau has not borne his burden that this decision was "constitutionally inadequate" or that it "prejudiced" him in any way. *Lockhart*, 474 U.S. at 59.

## <u>RECOMMENDED DISPOSITION</u>

I recommend that Daviau's §2255 petition be denied and this action be dismissed with prejudice.

Timely objections to the forgoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C).  Within ten days after a party is served with a copy of these Proposed Findings and Recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such Proposed Findings and Recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**